# United States District Court

EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| ANTHONY A. ADEDPIPE § <br> § <br> v. § <br> § <br> SAFECO INSURANCE (A LIBERTY § <br> MUTUAL COMPANY), GENERAL § <br> INSURANCE COMPANY OF AMERICA | Civil Action No. 4:17-CV-347 <br> (Judge Mazzant/Judge Nowak) |

### MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Came on for consideration the report of the United States Magistrate Judge in this action, this matter having been heretofore referred to the Magistrate Judge pursuant to 28 U.S.C. § 636. On October 18, 2017, the report of the Magistrate Judge (Dkt. #31) was entered containing proposed findings of fact and recommendations that Defendant's Motion to Dismiss (Dkt. #12) be granted. Having received the report of the Magistrate Judge, no objections thereto having been timely filed, the Court is of the opinion that the Magistrate Judge's report should be adopted.

The underlying facts are set out in detail in the report by the Magistrate Judge and need not be repeated herein. As such, the Court sets forth only those facts relevant to consideration of the report. On or about November 25, 2015, Plaintiff's vehicle was struck by another vehicle, causing Plaintiff injury (Dkt. #8 at p. 8). The third-party driver had a liability insurance policy with State Farm at the time of the collision. Plaintiff thereafter settled with State Farm, with Defendant's consent, receiving $30,000.00 (the policy limit) (Dkt. #8 at p. 1). Plaintiff asserts that the damages he sustained in the collision greatly exceed the amount received from State Farm; as such, Plaintiff seeks to recover from Defendant under his own uninsured/underinsured motorist ("UIM") policy (Dkt. 8 at pp. 1-2).

Defendant alleges Plaintiff has not demonstrated that he is "legally entitled" to any recovery under his UIM policy because Plaintiff has not alleged that he obtained a judgment against the third-party driver, which is a condition precedent to coverage. Accordingly, on July 14, 2017, Defendant moved to dismiss Plaintiff's claims (Dkt. #12). After consideration of the Motion to Dismiss, and all other relevant pleadings, on October 18, 2017, the Magistrate Judge entered a Report and Recommendation (Dkt. #31), recommending that Defendant's Motion to Dismiss be granted and Plaintiff's claims be dismissed without prejudice. Specifically, the Magistrate Judge found that without a legal judgment establishing liability and damages, Defendant has no legal duty to pay and cannot be held liable for breach of contract. Plaintiff's settlement with State Farm does not constitute a legal judgment establishing liability of the third-party driver. The Magistrate Judge further found that Plaintiff could not state claims under the Texas prompt-payment statute and/or any claims for bad faith violations of the Texas Insurance Code or DTPA.

Although no objections were filed, a review of Plaintiff's complaint demonstrates that Plaintiff settled his third-party driver claim with State Farm with the approval and consent of Defendant. This issue was not addressed in the motion to dismiss nor by the Magistrate Judge's report. The Court adopts each of these findings of the Magistrate Judge's report and further notes in connection with Plaintiff's claims, that Defendant's consent to Plaintiff's settlement with State Farm does not change the outcome herein. Indeed, Texas courts addressing the issue of consent have held that insurers are not foreclosed or otherwise estopped from arguing that an insured is not entitled to coverage under a UIM policy by virtue of approving a third-party settlement under Texas state law. *See In re State Auto Prop. & Cas. Ins. Co.*, 348 S.W.3d 499, 502 (Tex. App.—Dallas 2011, pet. struck) ("[w]hile [the insurer] consented to [the insured's] settlement with [the

third party], such consent does not constitute a judgment on the merits of that action"); *see also In re State Farm Mut. Auto. Ins. Co.*, 395 S.W.3d 229, 238 (Tex. App.—El Paso 2012, no pet.) (similar). Thus, even though Defendant consented to Plaintiff's settlement with State Farm, such settlement still does not constitute a judgment that fulfills the condition precedent to coverage and Plaintiff's claims are properly dismissed without prejudice.

It is, therefore, **ORDERED** that Defendant's Motion to Dismiss (Dkt. #12) is **GRANTED**.

All relief not previously granted is **DENIED**.

The Clerk is directed to CLOSE this civil action.

**IT IS SO ORDERED.**
SIGNED this 4th day of January, 2018.

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE